UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWONE TYRONE SMITH,<br><br>            Plaintiff,<br><br>     v.<br><br>LEE BACA, et al.,<br><br>            Defendants.<br>_____ | ) Case No. CV 07-1275 SVW(JC)<br>)<br>) MEMORANDUM OPINION AND<br>) ORDER DISMISSING ACTION<br>)<br>)<br>)<br>)<br>)<br>) |

       On May 14, 2008, plaintiff Dewone Tyrone Smith ("plaintiff"), who was then in custody, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*, filed the operative Second Amended Civil Rights Complaint which bears his current address of record. (Docket No. 14).

       On September 21, 2012, after screening the Second Amended Complaint under 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c), the Magistrate Judge issued an Order Re Second Amended Civil Rights Complaint ("September Order"), advising plaintiff of multiple material deficiencies in the Second Amended Complaint and affording plaintiff leave to file a Third Amended Complaint by the deadline specified therein. (Docket No. 15). The Clerk concurrently served the September Order upon plaintiff at his current address of record. (Docket No. 15).

On October 1, 2012, the copy of the September Order that had been sent to plaintiff at his current address of record was returned undelivered by the Postal Service. (Docket No. 16).

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times. Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In the instant case, more than fifteen (15) days have passed since the September Order was served upon plaintiff and returned. To date, plaintiff has not notified the Court of his current address.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the

1  docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance
2  indefinitely based on plaintiff's failure to notify the Court of his correct address.
3  See Carey, 856 F.2d at 1441 ("It would be absurd to require the district court to
4  hold a case in abeyance indefinitely just because it is unable, through plaintiff's
5  own fault, to contact the plaintiff to determine if his reasons for not prosecuting his
6  lawsuit are reasonable or not.").  The third factor, risk of prejudice to defendants,
7  also weighs in favor of dismissal since a presumption of injury arises from the
8  occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West,
9  Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy
10 favoring disposition of cases on their merits, is greatly outweighed by the factors in
11 favor of dismissal discussed herein.  Finally, given the Court's inability to
12 communicate with plaintiff based on his failure to keep the Court apprised of his
13 current address, no lesser sanction is feasible.  See Musallam v. United States
14 Immigration Service, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006).

   Accordingly, it is ORDERED that this action is dismissed for lack of
prosecution.

DATED: October 24, 2012      _____
                             HONORABLE STEPHEN V. WILSON
                             UNITED STATES DISTRICT JUDGE